■ In the Matter of Merchants Mutual Insurance Company, Respondent, v Charles Calandra et al., Respondents, and Hartford Accident & Indemnity Company, Appellant.—In a proceeding to stay arbitration, respondent Hartford Accident & Indemnity Company appeals from a judgment of the Supreme Court, Nassau County, entered April 15, 1975 and made after a hearing, which granted the application. Judgment affirmed, with costs. In our opinion, the notice by the injured party of the automobile accident to appellant was reasonably prompt under the circumstances of this case. Special Term properly held appellant's disclaimer to be invalid and ineffective. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.

■ The People of the State of New York ex rel. Stanley Fonfa, Appellant, v Benjamin Malcolm, as Commissioner of the New York City Department of Correction, et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Queens County, dated June 2, 1975, which, after a hearing, dismissed the proceeding. Appeal dismissed, without costs. Petitioner has been released; he is therefore not entitled to "the extraordinary writ of habeas corpus" (see *People ex rel. Wilder v Markley,* 26 NY2d 648). Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.

■ American I. H. M. Province, Inc., Respondent, v Mount Vernon Contracting Corp., Appellant.—In an action on a contract, defendant appeals from a judgment of the Supreme Court, Westchester County, entered October 15, 1975, after a nonjury trial, in favor of plaintiff, in the amount of $14,769.45. Judgment affirmed, with costs. We believe that the rider affixed to the contract was not intended to strike out the matter beneath it. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.

## (February 3, 1976)

■ The People of the State of New York, Respondent, v Joseph Bronte, Appellant.—Judgment of the Supreme Court, Kings County, rendered June 24, 1975, affirmed. No opinion. The case is remitted to the Supreme Court, Kings County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Titone, JJ., concur.